ISHEE, J.,
for the Court.
¶ 1. Claimant Delores Lee appeals the decision of the Jackson County Circuit Court affirming the decision of the Workers’ Compensation Commission denying her permanent disability benefits. Finding no error on appeal, we affirm.
FACTS
¶ 2. At the time of her injury on or about May 25, 1998, Delores Lee was employed as an x-ray technician at the Singing River Hospital. While on duty, Lee was called to x-ray a patient with a portable x-ray machine. While attempting to position the patient, Lee strained her back. Lee sat down on a curb outside the emergency room door and found that she was unable to get back up. Lee obtained a physical examination and treatment for her injury, and returned to work on or about July 21, 1998.
¶ 3. After her return to work, Lee was to work in light duty positions four days each week. She was assigned by her supervisor to run the darkroom which required her to transport oxygen bottles and TV poles as well as x-ray films. The claimant worked four hour days until March 1999, when her daily work load was increased to six hours. At all times after her return to work, she was paid as if she had worked an eight-hour day.
¶ 4. On August 4, 1998, Lee, complaining of additional pain in her lower back, con- *161 suited Dr. Charles Winters, an orthopedic surgeon in Ocean Springs. Lee told Dr. Winters that she had trouble walking and had constant lower back pain, numbness over the sacral area, and radiating pain down her left leg to her big toe. At various times during this period, Lee would return to her work after some improvement, only to leave again when her pain became acute. At all times, Singing River Hospital paid both her workers’ compensation benefits and her medical expenses.
¶ 5. Dr. Winters treated Lee until May 18, 1999, when he refused to see her again after viewing a surveillance videotape provided by her employer. The tape involved images of Lee pushing a cart of groceries around local grocery stores, as well as images of Lee loading and rearranging large grocery bags within her Chevrolet Blazer with apparent ease. In fact, the images showed her repeatedly bending and twisting as she loaded the bags, some of which appeared to be twenty pound bags of dry dog food. Lee also appeared to walk normally, and slid quickly and easily into the driver’s seat.
¶ 6. The film also showed Lee, on May 17, 1999, assisting her husband in the unloading of a large fiberglass shower stall from the back of a pickup truck. At one point she literally jumped from the bed of the pickup truck to the ground. While her employer claimed at trial that the stall weighed 170 pounds, Lee claimed that the stall probably weighed 100 pounds, and informed an examining physician that it weighed twenty-five pounds. At any rate, the circuit court judge noted that there was no doubt that the shower stall was heavy and cumbersome to move.
¶ 7. After unloading the stall, Lee commenced to drive a riding lawn mower. She twisted backwards in her seat as she backed the mower down a loading ramp. Lee then commenced to embark on a visibly bumpy and jolting ride. At one point Lee managed to climb aboard the mower by kicking one leg over the mower steering wheel. Once, while seated on the mower, Lee bent over to the ground to pick up a piece of trash with her left hand. She was also filmed throwing brush out of the way and pushing and rocking the mower in an effort to extract one wheel of the mower from a rut in the ground.
¶ 8. On June 4, 1999, Lee was called to a meeting with Nebo Carter, the Director of Human Resources at Singing River Hospital, and Tommy Crawford, the Director of the Radiology Department, and Lee’s supervisor. At this meeting, Lee was shown the surveillance videotape for which she had no explanation. Lee was then terminated from her employment.
¶ 9. After her release by Dr. Winters, Lee continued to seek treatment with a variety of physicians. Lee continued treatment for her back injury, and on November 18, 1999, her then treating physician, Dr. Terry Smith performed a fusion on Lee’s L4/5 discs in her lower back. On November 10, 2000, Lee filed for long term disability benefits under the Workers’ Compensation Act. Administrative Judge Linda A. Thompson held a full hearing in Pascagoula on March 26, 2002. In her decision on Lee’s claims, the administrative judge found that Lee was correctly deemed temporarily disabled from her May 25, 1998 work-related accident, and properly paid disability and medical benefits by Singing River Hospital. However, Lee’s claim for long term disability benefits was denied as not being related to the May 1998 accident. Lee timely requested a review of the decision by the Full Commission. Judge Thompson’s decision was affirmed by the Commission after review.
¶ 10. Lee appealed the decision of the Commission of the Circuit Court of Jack *162 son County. The judgment was affirmed by the circuit court’s order of March 24, 2004. Lee now asserts the following error on appeal: (1) whether the administrative judge, the Full Commission and the circuit court judge erred in their reliance upon the various videotapes of Lee as disposi-tive of her permanent physical condition.
ISSUE AND ANALYSIS
I. Whether the administrative judge, the full commission and the circuit court judge erred in their reliance upon the various videotapes of Lee as dispositive of her permanent physical condition.
¶ 11. Lee asserts on appeal that the videotape entered into evidence was not sufficient for the purpose of accurately portraying Lee’s day to day physical state, and that the tape caused volumes of important medical evidence to be ignored. On appeal, if there is substantial evidence to support the Commission, absent an error of law, this Court must affirm. However, where the Commission has misapprehended the controlling legal principles, we will review de novo. Smith v. Jackson Constr. Co., 607 So.2d 1119, 1125 (Miss.1992). In short, this Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence, and will overturn a Commission decision for an error of law or an unsupportable finding of fact. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778(¶ 6) (Miss.2003).
¶ 12. After review of the relevant medical evidence, it is impossible to say that the symptoms and complaints Lee related to her physicians were the consequence of the injury she sustained on May 25, 1998. It is clear that all relevant evidence was examined in great detail at each stage of this claim. It is also clear, and Lee has admitted as much, that she suffered a preexisting injury due to a fall on Horn Island in 1992. Furthermore, Lee suffers from estopenia of the bones and chronic thinning of her vertebra. The x-ray report taken after Lee was admitted to Singing River Hospital on May 26, 1998 pursuant to her injury the previous day noted a mild disc bulge at the L4-5 level but noted that it appeared to represent chronic changes also shown on film dated February 1, 1993. Lee’s degenerative disc problems and instability at the L4/5 level were noted by numerous physicians.
¶ 13. The videotape of Lee’s daily activities only goes to show that any injury Lee sustained was obviously not as symptomatic and painful as she had indicated. Furthermore, Lee was simply unable to meet her burden of proof that her injury was due to the incident of May 25, 1998, and that any injury sustained on that date caused permanent disability. The Commission found that Lee’s pre-existing condition as shown by her 1993 and 1998 post injury x-ray was aggravated by her May 25, 1998 work injury. However, as illustrated by her videotaped exploits, the temporary effects of that work injury had fully subsided and any subsequent disability was attributable to the pre-existing disease or condition. Finding no error on appeal, we affirm.
¶ 14. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.