909 So.2d 526 (2005)
STATE of Florida, Appellant,
v.
Randal Rene HOLMES, Appellee.
No. 1D04-3130.
District Court of Appeal of Florida, First District.
August 29, 2005.
*527 Charles J. Crist, Jr., Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
The State challenges the downward departure sentence that was imposed following Randal Rene Holmes' entry of an open no contest plea to charges of sale of cocaine within 1000 feet of a place of worship, conspiracy to sell/deliver cocaine within 1000 feet of a place of worship, and possession of cocaine. The offenses were committed during an undercover drug sting operation; the buyer was an undercover officer. The trial judge gave five grounds for a downward departure sentence. Because we agree with the State that all five grounds given to support the downward departure were improper, we reverse.
The fact that Holmes suffers from addiction to controlled substances is, as the trial judge recognized, specifically excluded as a statutory basis for downward departure. § 921.0026(3), Fla. Stat. (2003). The finding that Holmes was only an accomplice and a relatively minor participant is not supported by competent substantial evidence in the record. That the undercover officer was an initiator, willing participant, aggressor, or provoker of the incident is not a proper ground in this case for downward departure pursuant to section 921.0026(2)(f), Florida Statutes. State v. Grant, ___ So.2d ___, 2004 WL 3028212 (Fla. 2d DCA Dec. 3, 2004). Regarding downward departure based on prison overcrowding and strained budget of the Department of Corrections, the State correctly notes that no evidence was introduced regarding these factors and the trial judge did not take judicial notice of any type of report or other information to support the reason.
Finally, the finding that a downward departure was warranted pursuant to *528 section 921.0026(2)(d), Florida Statutes, because Holmes requires specialized treatment for a physical disability and is amenable to treatment, is not supported by competent substantial evidence. Holmes testified he suffers from sickle cell anemia and finds relief through treatment (apparently with medication purchased over the counter). Holmes also stated that he had not had a "crisis" relating to sickle cell anemia in over 30 years. There is no evidence in the record that DOC could not or would not accommodate any treatment needed.
Because the downward departure was improper, we reverse and remand with directions that Holmes be resentenced within the guidelines.
REVERSED and REMANDED.
BARFIELD and LEWIS, JJ., Concur.
WOLF, J., Dissents with opinion.
WOLF, J., Dissenting.
I dissent for the same reasons enumerated in State v. Holsey, 908 So.2d 159 (Fla. 1st DCA 2005).