PER CURIAM.
Matthew Dixon appeals the sentence imposed following his entry of an open no contest plea to charges arising out of a car accident that occurred when he was driving on the wrong side of a major roadway and collided with another vehicle, killing the other driver and severely injuring the driver’s minor daughter. A toxicology report disclosed Appellant’s blood alcohol content to be 0.281.
Mr. Dixon’s strongest argument on appeal is that the trial court improperly failed to consider his physical condition and apparent need for specialized treatment as a mitigating factor that justified a downward departure in his sentence. See § 921.0026(2)(d), Fla. Stat. We recognize that there is a split of authority among district courts in Florida in this area, but affirm the trial court’s adherence to State v. Holmes, 909 So.2d 526 (Fla. 1st DCA 2005). Under Holmes, Appellant’s argument fails because there is no evidence in the record that the Department of Corrections could not or would not accommodate needed treatment. But see State v. Chub-buck, 83 So.3d 918 (Fla. 4th DCA 2012) (en banc) & State v. Owens, 95 So.3d 1018, 1021 (Fla. 5th DCA 2012) (en banc) (receding from decisions that followed Holmes and certifying a direct and express conflict). We find no merit in Appellant’s other arguments.
AFFIRMED.
WETHERELL, SWANSON, and OSTERHAUS, JJ., concur.