IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MATTHEW DIXON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-3371

Opinion filed January 2, 2015.

An appeal from the Circuit Court for Leon County.
Mark E. Walker, Judge.

Clyde M. Taylor, Jr., Taylor & Taylor, PA, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jay Kubica, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant Matthew Dixon appealed his sentence following his entry of an open no contest plea. We affirmed Appellant's sentence in conformance with State v. Holmes, 909 So. 2d 526 (Fla. 1st DCA 2005), which required Appellant to

present evidence that the Department of Corrections could not accommodate his necessary, specialized treatment in order to receive a downward departure sentence under section 921.0026(2)(d), Florida Statutes (2013). See Dixon v. State, 128 So. 3d 972 (Fla. 1st DCA 2013), review dismissed, SC14-196, 2014 WL 1237108 (Fla. 2014). The Florida Supreme Court has since disapproved of Holmes,[1] quashed this Court's decision, and remanded the cause.

Accordingly, we reverse Appellant's sentence and remand for a new sentencing hearing in order to give the State an opportunity to present evidence as to whether DOC can provide the required specialized treatment and for the trial court to consider whether to render a downward departure sentence. See Chubbuck, 141 So. 3d at 1168–69 (quoting Banks v. State, 732 So. 2d 1065, 1067–68 (Fla. 1999)) (reaffirming that the process for departing from the guidelines requires the trial court to consider: (1) whether it legally *can* depart; and (2) if satisfied that it could, whether it *should* depart). We find no merit in Appellant's other arguments, and so affirm in all other respects.

REVERSED and REMANDED.

WETHERELL, SWANSON, and OSTERHAUS, JJ., CONCUR.

---

[1] See State v. Chubbuck, 141 So. 3d 1163 (Fla. 2014).