IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER MITCHELL
KINSEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-0413

Opinion filed January 6, 2015.

An appeal from the Circuit Court for Escambia County.
Terry D. Terrell, Judge.

Michael Ufferman of Michael Ufferman Law Firm, Tallahassee for Appellant.

Pamela Jo Bondi, Attorney General, and Meredith Hinshelwood, Assistant Attorney General, Tallahassee for Appellee.

PER CURIAM.

Appellant Christopher Kinsey appealed his sentence following his no contest plea to one count of failing to register as a sexual predator. We affirmed Appellant's sentence in conformance with State v. Holmes, 909 So. 2d 526 (Fla. 1st DCA 2005), which required Appellant to present evidence that the Department

of Corrections could not accommodate his necessary, specialized treatment in order to receive a downward departure sentence under section 921.0026(2)(d), Florida Statutes (2013). See Kinsey v. State, 135 So. 3d 424 (Fla. 1st DCA 2014), reh'g denied (Apr. 7, 2014), review granted, SC14-910, 2014 WL 4413264 (Fla. 2014). The Florida Supreme Court has since disapproved of Holmes,[1] quashed this Court's decision, and remanded the cause.

Accordingly, we reverse Appellant's sentence and remand for a new sentencing hearing. See Chubbuck, 141 So. 3d at 1168–69 (quoting Banks v. State, 732 So. 2d 1065, 1067–68 (Fla. 1999)) (reaffirming that the process for departing from the guidelines requires the trial court to consider: (1) whether it legally *can* depart; and (2) if satisfied that it could, whether it *should* depart).

REVERSED and REMANDED.

BENTON, SWANSON, and OSTERHAUS, JJ., CONCUR.

---

[1] See State v. Chubbuck, 141 So. 3d 1163 (Fla. 2014).