706 So.2d 903 (1998)
STATE of Florida, Appellant,
v.
Jessie ABRAMS, II, Appellee.
Jessie ABRAMS, II, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-00716, 97-00717.
District Court of Appeal of Florida, Second District.
February 18, 1998.
*904 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
THREADGILL, Acting Chief Judge.
In consolidated appeals, Jessie Abrams, II, challenges the denial of his motion to suppress evidence. The State appeals the trial court's downward departure from the sentencing guidelines. We affirm the denial of the motion to suppress without discussion in appeal number 97-00717. We reverse the sentence in appeal number 97-00716.
The sentence imposed against Mr. Abrams for possession of cocaine represents a downward departure from the sentencing guidelines. As reasons for departure, the trial court indicated that Mr. Abrams was HIV positive, and that he had other charges pending in the career criminal division. Mr. Abrams concedes that the reason involving other charges is invalid to support a departure. With regard to the other reason, we have found no authority to indicate that a defendant's HIV-positive status alone constitutes a valid reason for departure from the guidelines. A defendant's need for specialized treatment for physical disability and amenability to treatment is a valid reason for departure. See Fla. R.Crim. P. 3.990. There is no evidence in the record, however, that Mr. Abrams requires specialized treatment for HIV that cannot be provided through the Department of Corrections. We therefore reverse Mr. Abrams' sentence and remand for resentencing within the guidelines. Because the sentence was imposed pursuant to a plea agreement with the trial court, on remand Mr. Abrams should be given the opportunity to withdraw his plea. See State v. Honiker, 675 So.2d 681 (Fla. 2d DCA 1996).
Affirmed in part; reversed in part and remanded.
FULMER and GREEN, JJ., concur.