754 So.2d 126 (2000)
STATE of Florida, Appellant,
v.
Paul THOMPSON, Appellee.
No. 5D99-2114.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
*127 Robert A. Butterworth, Attorney General, Tallahassee, and Marry G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Janet Brook Goodrich, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellee was charged by information with and pled guilty to felony driving while license cancelled, suspended or revoked in violation of section 322.34(2), Florida Statutes. Because of an extensive prior felony record, the lowest permissible prison sentence based on the guidelines was 64.5 months. The trial judge departed downward and sentenced appellee to a prison term of 36 months. The state appeals and we reverse.
At the sentencing hearing appellee provided the court with a physician's letter stating that appellee was a non-insulin diabetic and that he had sciatica. He also indicated that he had heart problems and that he took oral medications to correct these various health problems. Section 921.0026(2)(d), Florida Statutes (1999), permits downward departures where a defendant requires specialized treatment for a physical disability and the defendant is amenable to such treatment. No evidence was presented to the trial court that specialized treatment was required, or that any required treatment could not be provided by the Department of Corrections. See, State v. Abrams, 706 So.2d 903, 904 (Fla. 2d DCA 1998).
The trial court also referred to appellee's age as a basis for departure. Appellee was 48 years old at the time of sentencing. Section 921.0026(2)(k) provides a reason for departure where "... (a)t the time of the offense the defendant was too young to appreciate the consequences of the offense." At 48, defendant hardly qualifies as a youthful offender. Neither was there any evidence before the trial court to indicate that defendant could not appreciate the consequences of his offense. The sentence is reversed and the cause remanded for imposition of a guidelines sentence.
REVERSED and REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., dissents without opinion.