890 So.2d 1283 (2005)
STATE of Florida, Appellant,
v.
Tracey Lynette GREEN, Doc # 508772, Appellee.
Nos. 2D03-5589 to 2D03-5600.
District Court of Appeal of Florida, Second District.
January 21, 2005.
*1284 Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant *1285 Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
VILLANTI, Judge.
The State challenges the downward departure sentence imposed on Tracey Lynette Green after she entered an open plea of guilty to twenty-five counts in twelve cases. We reverse.
Ms. Green entered an open plea of guilty to twenty-five counts of felony petit theft, third-degree grand theft, fraudulent use of a credit card, fraudulent use of personal information, forgery, uttering a forged instrument, giving a false name to law enforcement, burglary, and robbery. Ms. Green understood that she entered her plea with no agreement as to her sentence, but she hoped to receive a downward departure under section 921.0026, Florida Statutes (2001-03), because she required specialized treatment for both mental disorders and a physical disability.
At the sentencing hearing, to establish facts that would support a departure under section 921.0026, Ms. Green presented testimony from Dr. Michael Gamache, who performed a mental examination, a diagnostic clinical interview, and a detailed psychosocial history of Ms. Green. Dr. Gamache related Ms. Green's tragic history of physical and emotional abuse. Dr. Gamache testified that Ms. Green currently had an addiction to cocaine, major depressive and posttraumatic stress disorders, and Hepatitis C. Ms. Green's Hepatitis C would require either medication or a liver transplant, and her depressive disorder would require "pharmacological treatment from a psychiatrist." Dr. Gamache also testified that Ms. Green was currently receiving treatment for her mental disorders and was amenable to continued treatment.
When the State asked Dr. Gamache about the ability of the Department of Corrections (DOC) to provide treatment to Ms. Green, Dr. Gamache testified that he did not know whether the DOC could provide appropriate treatment. He was "waiting for a phone call from a person at D.O.C. who [was] in charge of all the treatment programs." Dr. Gamache said that the DOC's website used to have information about treatment for "dual diagnosis" (combined treatment for both substance abuse and mental health problems), but the website no longer had this information. Ms. Green presented no other evidence that the DOC could not provide the treatment.
The court initially advised Ms. Green's attorney that he had the burden of showing that the DOC could not provide appropriate treatment, stating:
Counsel, you have the burden. You're asking for a downward departure. You have the burden of showing this is, in fact, not provided....
....
THE COURT: What I need is something from the Department of Corrections indicating whether they have a dual diagnosis program in the prison system or not and whether they have the ability to treat Hepatitis C.
There was some discussion about whether the court should continue the case, to which the State objected. Then, after a short break, the judge announced that he had spoken to his DOC "representative," who happened to be in the courtroom. The judge's conversation with the unidentified DOC representative is not on the record, but this person apparently told the judge that the DOC was no longer equipped to provide appropriate treatment for Ms. Green because it had eliminated all *1286 Tier 1 and Tier 2 programs (dual diagnosis programs) and discontinued most programs dealing with drug abuse. The court then asked the State whether it wanted a continuance to prove that the type of treatment Ms. Green required was not a Tier 1 or Tier 2 program. The State did not agree to a continuance and argued that Ms. Green had not met her burden of proof.
Thereafter, despite a guidelines score that required a minimum sentence of 108.75 months' imprisonment (9.06 years), the trial court sentenced Ms. Green to fifteen years' imprisonment suspended after six years and followed by two years' community control and four years' drug offender probation and other shorter concurrent prison terms. The court's noted reason for a downward departure was "the defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment," language that tracks the language of section 921.0026(2)(d).
"A trial court's decision whether to depart from the guidelines is a two-part process." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The trial court must first determine whether it can depart  whether the defendant has met the burden of establishing sufficient factual support for a valid legal ground. "This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." Id. at 1068. The trial court must then decide whether it should depart  "a judgment call within the sound discretion of the court." Id.
The trial court here determined that Ms. Green established sufficient factual support for a departure under section 921.0026(2)(d), which permits a downward departure sentence when the defendant presents evidence that he or she requires specialized treatment for either a mental disorder unrelated to substance abuse or addiction or a physical disability and is amenable to treatment. State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004). There must also be evidence that the DOC cannot provide the specialized treatment required. Id.; State v. Tyrrell, 807 So.2d 122, 128 (Fla. 5th DCA 2002). The defendant has the burden of proof to establish the facts that support a downward departure by a preponderance of the evidence. State v. Petringelo, 762 So.2d 965, 965 (Fla. 2d DCA 2000) (citing Banks, 732 So.2d 1065).
Through Dr. Gamache's testimony, Ms. Green established that she had major depressive and posttraumatic stress disorders that were "unrelated to substance abuse or addiction." § 921.0026(2)(d). She also established that she had a physical disability  Hepatitis C. Dr. Gamache further testified that Ms. Green's mental disorders and Hepatitis C would require specialized treatment and that Ms. Green was amenable to treatment. However, Ms. Green did not meet her burden of establishing that the DOC could not provide the specialized treatment required. She presented only Dr. Gamache's testimony that he was unsure whether treatment was available from the DOC. His testimony, based on his observations from the DOC website, fell short of the preponderance standard.
Ms. Green argues that she met her burden because the trial court took judicial notice that the DOC could not provide appropriate treatment. We disagree. Only section 90.202(11), Florida Statutes (2001-03), dealing with "generally known" facts, and section 90.202(12), dealing *1287 with facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned," could arguably provide a basis for judicial notice in this case. The DOC's ability to treat Ms. Green is an inappropriate subject for judicial notice under section 90.202(11), because it is not a fact that is "generally known" within the meaning of the statute. "[T]o fit within subsection 90.202(12), accurate records or other sources must exist which establish the judicially-noticed fact." Maradie v. Maradie, 680 So.2d 538, 542 (Fla. 1st DCA 1996) (citing Charles W. Ehrhardt, Florida Evidence § 202.12, at 52 (West 1996 Ed.)). Here, the record does not point to an indisputable source that establishes that the DOC could not provide treatment for Ms. Green's major depressive and posttraumatic stress disorders or Hepatitis C. We do not even know the identity of the source, let alone its credibility. We know only that the judge had an off-the-record discussion with someone he referred to as a DOC representative who was sitting in the courtroom  insufficient information to ascertain whether the trial court had an indisputable source. Thus, judicial notice was not appropriate under section 90.202(12).
Additionally, the court did not comply with the procedure in section 90.204 for a court to take judicial notice of a matter on its own initiative. Under section 90.204, the court must afford each party a "reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed." The trial court did not offer the State an opportunity to present information relevant to the propriety of taking judicial notice. Instead, the court offered the State an opportunity only to prove that Ms. Green's required treatment was not included in the Tier 1 or Tier 2 programs discussed by the DOC representative, improperly shifting the burden to the State to prove that the DOC could provide specialized treatment for Ms. Green.
Because the court's reason for downwardly departing was not supported by competent, substantial evidence, either in the form of facts properly noticed by the court or evidence presented by Ms. Green, we reverse. Generally, when a defendant's downward departure sentence is not supported by competent, substantial evidence, the case is remanded for resentencing. If the defendant entered a plea pursuant to a negotiated plea agreement, he or she is permitted to withdraw the plea. If the defendant entered an open plea, as Ms. Green did, the trial court must impose a guidelines sentence on remand. See State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998) (remanding for imposition of a guidelines sentence instead of allowing the defendant to withdraw the plea because the defendant entered an open plea to the court with no plea agreement from the State). Here, although Ms. Green entered an open plea and was fully informed that she could face prison time under the guidelines, we do not limit the trial court to a guidelines sentence on remand. The trial court indicated its inclination to grant a continuance to Ms. Green so that she could prove that the DOC could not provide the specialized treatment she required. On remand, we give Ms. Green the same opportunity the trial court initially offered.
Reversed and remanded.
STRINGER and WALLACE, JJ., concur.