891 So.2d 614 (2005)
STATE of Florida, Appellant,
v.
Robert WHEELER, Appellee.
No. 2D03-1984.
District Court of Appeal of Florida, Second District.
January 26, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellee.
CANADY, Judge.
The State appeals Robert Wheeler's downward departure sentence of forty-eight months' probation imposed after he pleaded no contest to a second-degree felony offense of committing a lewd and lascivious act upon a child under the age of sixteen years in violation of section 800.04(2), Florida Statutes (1997). Because the downward departure is not supported *615 by the required evidentiary showing, we reverse.

I. Background

According to the prosecution's representation at the plea hearing, during the period between May 1, 1998, and October 31, 2000, Wheeler engaged in repeated sexual activity, including oral sex, with the victim, who was under the age of sixteen years. Wheeler met the boy while fishing, bought him a fishing pole, and took him on outings. Wheeler supplied the victim with alcohol and drugs, causing the victim to become addicted to alcohol.
The trial court ordered that Wheeler be examined to determine his competency to stand trial. At a competency hearing, Dr. Charles Wheaton, a clinical psychologist, testified that in his opinion Wheeler was not competent to stand trial. Dr. Wheaton had administered tests to Wheeler, finding that Wheeler had a mild impairment of competence, memory impairment, and an impaired understanding of the proceeding. According to Wheeler's counsel, Wheeler claimed to have no recollection of the acts resulting in criminal charges. Dr. Wheaton had reviewed Wheeler's medical records from the Veterans Administration (VA) where Wheeler received medical treatment. Dr. Wheaton did not describe the treatment, and the record contains no indication of the nature of any treatment Wheeler received at the VA, or anywhere else, for any physical or mental condition. Wheeler, who was sixty-six years old, had previously suffered a stroke that caused some brain damage. He also had vascular dementia, a circulatory condition that causes impairment of cognitive abilities and which had caused the stroke. Dr. Wheaton knew of no treatment that would render Wheeler competent. Vascular dementia is irreversible. Wheeler also had diabetes and moderate emphysema, which could affect mental functioning and cause depression and incompetence, although Dr. Wheaton was silent as to whether that occurred in this case.
Wheeler resided in a retirement home. An operator of the home, who lived there and brought Wheeler  who was not in custody  to court, testified that Wheeler would forget the dosages of his medicine, would pass out from taking medicine, could not remember meal schedules without constant reminders, was disoriented, would forget things, and would generally stay in his room.
The colloquy at the competency hearing indicated that two examining psychologists, who did not testify, submitted reports indicating that although Wheeler suffered from dementia they found him to be competent to stand trial. One of these doctors stated in his report that Wheeler had some gross evidence of cognitive impairment and some mild left side and facial droop, consistent with a cerebral vascular accident. This doctor further indicated that Wheeler lacked a precise understanding of the penalties and the "system" and had some cognitive deficits. He proposed that discontinuation of alcohol use might lead to some improvement and that Wheeler had a "guarded" prognosis.
At the close of the competency hearing, the circuit court judge stated that based on her review of the medical records and the testimony, Wheeler was competent to stand trial but there was substantial, competent testimony warranting a "mental health departure." The judge found that the case was "interesting" and presented questions of "how best to protect the public and best how to make sure that Mr. Wheeler continues to get his medicine and to get the care that he gets."
At the next court appearance, the circuit court judge indicated that a downward departure sentence would be forthcoming if there was a plea. The prosecutor stated *616 that her "only concern" was that, according to Dr. Wheaton's testimony, "there was no anticipated course of treatment because Mr. Wheeler's vascular dementia was irreversible." The court stated that Wheeler was competent but he suffers from depression, has vascular dementia, has probable brain damage, and receives treatment at the VA hospital. The court recognized that Dr. Wheaton stated Wheeler could not be restored to competency through treatment, but the court indicated it was free to disregard some of the expert testimony and "it would be appropriate for the court to consider a departure over the State's strenuous objection." The court then accepted the plea and sentenced Wheeler to forty-eight months' probation, with standard sex offender conditions. The Florida Rule of Criminal Procedure 3.992(a) Criminal Punishment Code Scoresheet contains this notation: "Departure based on mental health for depression & vascular dementia." The sentence computation shown on the scoresheet reflects a lowest permissible prison sentence of fifty-one months.

II. Analysis

Section 921.0026(1), Florida Statutes (Supp.1998), provides that, under the Criminal Punishment Code, "[a] downward departure from the lowest permissible sentence ... is prohibited unless there are circumstances or factors that reasonably justify the downward departure." See also § 921.002(1)(f). Section 921.0026(2) provides in pertinent part:
Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
. . . .
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
Section 921.002(3) provides in pertinent part: "The level of proof necessary to establish facts supporting the mitigation of a sentence is a preponderance of the evidence.... Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge."
The sentencing scoresheet shows that the circuit court determined that a departure sentence was warranted under section 921.0026(2)(d). Under this provision creating a mitigating circumstance when a defendant suffers from a mental disorder, it must be established not only that the defendant "requires specialized treatment" but also that the defendant is "amenable to treatment." To show that a defendant requires specialized treatment for a mental disorder, "it must be established that the mental disorder requires treatment that is not available in the Department of Corrections." State v. Mann, 866 So.2d 179, 182 (Fla. 5th DCA 2004); see also State v. Stewart, 749 So.2d 555 (Fla. 2d DCA 2000). The requirement that the defendant be amenable to treatment for a mental disorder is met by a "show[ing] that there is a reasonable possibility that the. . . treatment of [the] mental disorder will be successful." State v. Cummings, 748 So.2d 388, 392 (Fla. 5th DCA 2000); see also State v. Hillhouse, 708 So.2d 326 (Fla. 2d DCA 1998).
Here the record is devoid of evidence concerning what treatment Wheeler requires. The record thus contains no showing either that Wheeler requires any treatment that cannot be provided by the Department of Corrections or that there is a reasonable possibility that treatment of his mental disorder would be successful. Accordingly, there is no factual predicate for a departure sentence to allow Wheeler *617 to receive treatment. The downward departure sentence must therefore be reversed.[1]
The trial court initiated the plea and departure sentence, citing it as "some way we can resolve this matter." Since the trial court induced the departure sentence which is now reversed, Wheeler should be permitted to withdraw his plea. See State v. Teal, 831 So.2d 1254, 1256 (Fla. 2d DCA 2002). Following any plea or conviction at trial, the trial court could again impose a downward departure if the sentence is supported by evidence establishing the necessary factual basis for any ground on which the downward departure is based. See id.

III. Conclusion

Because the record shows no factual basis for a downward departure sentence, the sentence is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.
Sentence reversed; case remanded.
ALTENBERND, C.J., and WHATLEY, J., concur.
NOTES
[1] We note that although the circuit court did not expressly rely on section 921.0026(2)(c), which provides that a defendant's "substantially impaired" capacity "to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law" is a mitigating circumstance, that subsection might be invoked to support a downward departure if the record established that Wheeler suffered from the vascular dementia and stroke when the crime was committed. Here there is nothing in the record to show that at the time of the offense Wheeler suffered from such substantially impaired capacity resulting from the vascular dementia and stroke. Of course, we do not address the merit of any possible claim of substantially impaired capacity. We note, however, that it appears significant that Wheeler's alleged tactics in offering drugs and alcohol to a minor to procure sex are typical of manipulative behavior involved in such crimes and indicative of a capacity for planning. Such conduct would appear to militate against a finding of substantially impaired capacity.