918 So.2d 423 (2006)
STATE of Florida, Appellant,
v.
Michael J. SCHERBER, Appellee.
No. 2D05-1947.
District Court of Appeal of Florida, Second District.
January 25, 2006.
*424 Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State of Florida appeals the downward departure sentences imposed on Michael Scherber. We reverse.
Scherber entered pleas in three cases based on the circuit court's determination that he qualified for a downward departure sentence. In case number CRC03-18354CFANO, Scherber entered an admission to violating his probation. He was originally placed on probation for felony driving while licensed suspended or revoked. In case number CRC04-18623CFANO, Scherber entered a nolo contendere plea to another charge of felony driving while licensed suspended or revoked. In case number CRC04-21868CFANO, Scherber entered a nolo contendere plea to dealing in stolen property. According to Scherber's sentencing scoresheet, the lowest permissible prison sentence based on the guidelines was 17.1 months in prison and the maximum sentence was twenty-five years in prison.
The trial court sentenced Scherber to one year of community control followed by two years of probation in all three cases, concurrent. The circuit court gave Scherber a sentence below the guidelines based on section 921.0026(2)(d), Florida Statutes (2003), which allows such a sentence when a defendant proves by a preponderance of the evidence that he or she requires specialized treatment for a mental disorder that is not related to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment. See State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005). To receive a sentence pursuant to this section, a defendant must prove that the Department *425 of Corrections (DOC) cannot provide the specialized treatment required. Id.; State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005) (holding that the appellee did not present sufficient, competent evidence that the DOC could not provide the specialized treatment required, where her expert testified that he did not know if the DOC could provide appropriate treatment, and he was waiting for a call from a person at DOC to discuss the availability of treatment).
We conclude that Scherber did not establish by a preponderance of the evidence that the DOC cannot provide the treatment that he requires. At the plea hearing, Dr. McClain testified that she met Scherber one time on February 23, 2005, and she reviewed his mental health records. She testified that he suffers from attention deficit disorder and bipolar disorder. Dr. McClain recommended outpatient treatment for Scherber and noted that he voluntarily sought treatment at Directions for Mental Health and was prescribed medication. She testified that the DOC could provide Scherber with any required medication. However, she further testified, "[b]ut as far as any formal plan to deal with coping skills, dealing with life head-on, not to my knowledge." This was the only testimony relating to the availability of treatment at the DOC.[1] Because the testimony established that the DOC could provide the specialized treatment Scherber required, the circuit court erred in finding that Scherber was eligible for downward departure sentences.
Accordingly, Scherber's sentences are reversed. Because Scherber entered his pleas pursuant to the circuit court's finding that he was eligible for a downward departure sentence, Scherber should be permitted the option to withdraw his pleas on remand. Wheeler, 891 So.2d at 617.
Sentences reversed and remanded with directions.
CANADY, J., and HAYES, HUGH D., Associate Judge, Concur.
NOTES
[1] Regarding a "formal plan," Dr. McClain did not elaborate on whether it was not available at DOC or whether she was just not aware of whether it was offered at DOC.