971 So.2d 146 (2007)
STATE of Florida, Appellant,
v.
George GREEN, Appellee.
Nos. 4D05-2009, 4D05-2247.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
*147 Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, State of Florida, appeals the trial court's downward departure of appellee, George Green's, sentence and Green cross-appeals. We affirm Green's cross-appeal without discussion but reverse the downward departure sentence and remand for resentencing.
The State asserts that the trial court erred in imposing a downward departure sentence because the evidence presented was legally insufficient to meet the statutory requirements for such departure. In particular, the State argues that Green failed to establish that the Department of Corrections could not provide the specialized treatments for his physical disabilities.
Section 921.002(1)(f), Florida Statutes (2004), provides:
The Criminal Punishment Code embodies the principles that:
. . .
(f) Departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence. The level of proof necessary to establish facts that support a departure from the lowest permissible sentence is a preponderance of the evidence.
Section 921.0026, entitled "Mitigating circumstances," provides in pertinent part:
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review.
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
. . .
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
. . .
§ 921.0026, Fla. Stat. (2004).
The two-step process for permitting a departure sentence and its review was propounded in Staffney v. State, 826 So.2d 509 (Fla. 4th DCA 2002):
A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine *148 whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground. Legal grounds are set forth in case law and statute and the facts supporting the ground must be proved by a preponderance of the evidence. This aspect of the court's decision to depart is mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.
Second, where the requirements set out above are met, the court must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant. In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating facts. This decision is within the sound discretion of the court and will be sustained on review absent an abuse of discretion.
Id. at 511 (citations omitted).
At the sentencing hearing, Green presented the testimony of a doctor from a Veteran's Administration clinic who testified to Green's mental and physical disabilities and his needs for specialized treatments. Green also testified concerning his medical problems and that during his stay in the county jail, he was given only Tylenol which was ineffective in treating his problems. At the close of the evidence, the trial court concluded that "there was testimony that he is only able to receive in his incarceration Tylenol and not other drugs better to treat him."
"To receive a sentence pursuant to [section 921.0026(2)(d)], a defendant must prove that the Department of Corrections (DOC) cannot provide the specialized treatment required." State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); see also State v. Holmes, 909 So.2d 526, 528 (Fla. 1st DCA 2005) ("There is no evidence in the record that DOC could not or would not accommodate any treatment needed."); State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005) ("To show that a defendant requires specialized treatment for a mental disorder, `it must be established that the mental disorder requires treatment that is not available in the Department of Corrections.'") (quoting State v. Mann, 866 So.2d 179, 182 (Fla. 5th DCA 2004)); State v. Green, 890 So.2d 1283, 1286-87 (Fla. 2d DCA 2005) (DOC's ability to treat defendant is not appropriate subject for judicial notice, downward departure reversed); State v. Porche, 826 So.2d 1062, 1063 (Fla. 2d DCA 2002) (no evidence defendant will not receive necessary treatment while in DOC custody, downward departure reversed); State v. Tyrrell, 807 So.2d 122, 127-28 (Fla. 5th DCA 2002) (no evidence that defendant required specialized treatment or that any treatment required could not be adequately provided by DOC); State v. Thompson, 754 So.2d 126, 127 (Fla. 5th DCA 2000) (same); State v. Abrams, 706 So.2d 903, 904 (Fla. 2d DCA 1998) (same).[1]
Green has the burden of proving that the DOC could not provide the specialized treatment he requires and such proof was *149 not presented to the trial court. We reverse the downward departure sentence and remand for resentencing. The other arguments presented by the state are found to be without merit.
Appeal Reversed and Remanded; Cross Appeal Affirmed.
STONE and STEVENSON, JJ., concur.
NOTES
[1] In State v. Spioch, 706 So.2d 32 (Fla. 5th DCA 1998), the court held that "a lack of available treatment in prison is not required under the statute." Id. at 36. Green asserts that this court should follow the Fifth District's lead in deciding this case. We note that the Fifth District has held otherwise since its decision in Spioch. See Mann; Tyrrell; Thompson.