981 So.2d 511 (2008)
STATE of Florida, Appellant,
v.
Della Katherine HALL, Appellee.
No. 2D07-3354.
District Court of Appeal of Florida, Second District.
April 4, 2008.
Rehearing Denied May 22, 2008.
*512 Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellee.
VILLANTI, Judge.
The State appeals the downward departure sentence imposed by the trial court after the revocation of Hall's probation. Because the trial court's orally pronounced reason for the downward departure sentence is not supported by competent, substantial evidence, we reverse and remand for resentencing.
In 2004, the State charged Hall with one count of aggravated assault with a deadly weapon and one count of aggravated battery with a deadly weapon. Hall pleaded no contest to these charges, and she was sentenced to a downward departure sentence of one year of community control followed by three years' probation.
On October 27, 2006, while on probation, Hall was arrested on a new charge of aggravated battery with a deadly weapon.[1] Hall admitted to violating her probation based on the commission of this new offense. The State prepared a sentencing scoresheet that calculated the lowest permissible sentence as 42.6 months in prison; however, Hall sought a downward departure sentence.
At the hearing on Hall's request for a downward departure, Hall told the court that she was requesting a downward departure based on "the fact that she requires special medical treatment for a mental disorder." Hall then presented evidence that she was bipolar and that she had been off her medication and under a great amount of stress when the incident occurred. Hall testified that she has struggled with mental health issues all of her life but that she can hold down a job and function normally when she is on her medication and in therapy. She testified that she has been back on her medication since the incident and that she wanted to continue with therapy and treatment.
During the hearing, Hall sought to call a representative of the At Well Center to testify by phone as to Hall's diagnosis of bipolar disorder and to testify that she was amenable to treatment. When the call would not go through from the phone in the courtroom, the trial court stated that it would agree that Hall suffers from a mental disorder and that she is amenable to treatment based on the evidence it had already heard. Hall did not seek to call any other witnesses on her behalf at the hearing. The State then presented the *513 testimony of the officer who investigated the new battery offense.
After considering all of this evidence, the trial court sentenced Hall to ten years in prison, but it suspended the prison sentence in favor of one year in county jail followed by nine years' probation. The trial court stated that while Hall was on probation,
[Y]ou'll take your medications, you'll be able [to] treat with any treatment plans that somebody puts in effect for you. That could be the At Well Center.
If the At Well Center wants you to go in and receive help, and you still want it and it's legitimate upon your release from here, I'll order that probation allow you to be in there and not reporting to them.
After further discussion, the prosecutor requested that the trial court provide a reason for the downward departure. In response to the prosecutor's request, the trial court stated:
I went below the guidelines.
. . . .
The reason for that is it gives her more prison points. It gives her more time. She says she has reflected on everything. It gives her more time every day to think about it. When she gets out, to enter a treatment plan that works understanding that no family member can excuse what she does. She has to report.
The trial court never filed any written reasons for the downward departure sentence. The State now appeals, contending that the downward departure sentence is unsupported by competent, substantial evidence. We agree.
Pursuant to section 921.0026(1), Florida Statutes (2004), the trial court may not impose a sentence below the lowest permissible sentence required by the Criminal Punishment Code unless the defendant establishes a valid basis for departure. See also State v. Carlson, 911 So.2d 234, 236 (Fla. 2d DCA 2005). The defendant has the burden of presenting competent, substantial evidence to support the reason or reasons articulated for the downward departure sentence. State v. Jimenez-Porras, 974 So.2d 422 (Fla. 2d DCA 2007). If the defendant's evidence establishes a valid basis for a downward departure sentence and the trial court decides to impose such a sentence, the trial court must file written reasons supporting the downward departure within seven days after the date of sentencing. § 921.00265(2); see also Carlson, 911 So.2d at 236; State v. Ayers, 901 So.2d, 942, 945 (Fla. 2d DCA 2005). If the trial court fails to file written reasons, a downward departure sentence may nevertheless be affirmed if the trial court has made oral findings supporting the departure sentence on the record at the sentencing hearing. § 921.00265(2); see also Pease v. State, 712 So.2d 374, 374 (Fla.1997); Carlson, 911 So.2d at 236. In the absence of either written or oral findings, however, a downward departure sentence is improper.
In this case, the trial court never filed written reasons for Hall's departure sentence. Accordingly, the sentence can be affirmed only if the trial court made oral findings on the record at the hearing that are supported by competent, substantial evidence.
In this appeal, Hall contends that the trial court did make an oral finding, albeit "inartfully," that she was entitled to a downward departure sentence under section 921.0026(2)(d), which permits a downward departure if the defendant "requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." *514 While this argument is premised on a rather liberal reading of the transcript, even this "inartful" finding cannot be affirmed because it is not supported by competent, substantial evidence in the record.
There is no question that Hall established that she suffers from bipolar disorder and that she is amenable to treatment. However, "[t]o receive a sentence pursuant to [section 921.0026(2)(d)], a defendant must [also] prove that the Department of Corrections (DOC) cannot provide the specialized treatment required." State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005); State v. Green, 971 So.2d 146, 148 (Fla. 4th DCA 2007). Here, Hall neither presented any evidence nor attempted to present any evidence that the Department of Corrections could not provide treatment for her bipolar disorder. In the absence of such evidence, Hall failed to prove that she was entitled to a downward departure on this basis, and the downward departure sentence must be reversed.
Given that Hall's sentence must be reversed, the issue then is what must be done on remand. This court addressed this issue in Green:
Generally, when a defendant's downward departure sentence is not supported by competent, substantial evidence, the case is remanded for resentencing. If the defendant entered a plea pursuant to a negotiated plea agreement, he or she is permitted to withdraw the plea. If the defendant entered an open plea, as Ms. Green did, the trial court must impose a guidelines sentence on remand.
890 So.2d at 1287; see also State v. Sahadeo, 890 So.2d 464, 465 (Fla. 2d DCA 2004); State v. Norris, 724 So.2d 630, 632 (Fla. 5th DCA 1998). Here, Hall entered an open admission to the alleged violation of probation. Thus, the trial court must impose a guidelines sentence on remand.
Reversed and remanded for resentencing.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] Following a jury trial in a separate proceeding, Hall was convicted of the lesser-included offense of simple battery. That conviction and its sentence are not before this court in this case.