MONACO, C.J.
 

 This appeal by the State of Florida seeks reversal of a downward departure sentence imposed on the appellee, Manuel Betancourt, after his plea of no contest to the charge of traveling to meet a minor for an unlawful sexual act (Count 1), and four counts of solicitation of a minor via a computer. Because the basis for departure, a need for specialized medical treatment, was not supported by substantial, competent evidence, we reverse.
 

 The written plea agreement entered into by Mr. Betancourt did not contain a sentence recommendation, but instead was an “open plea.” At the sentencing hearing the State filed a “Sentencing Memorandum” noting that Mr. Betancourt’s score-sheet indicated 105 months as the lowest permissible prison sentence, and that the State’s recommendation was a sentence of 10 years of imprisonment, followed by 5 years of sex offender probation. The memorandum also posited that no legal basis existed for a downward departure since the admitted crime was not an isolated incident committed in an unsophisticated manner for which the appellee had shown remorse.
 

 At the sentencing hearing, defense counsel asked the court to depart downwardly on grounds that the crime was, in fact, an “isolated incident” and because Mr. Be-tancourt purportedly suffered from “physical ailments.” Defense counsel argued that with all of appellee’s physical ailments the Department of Corrections could not provide the level of medical care that he needed. Mr. Betancourt then testified that he made some mistakes and regretted them and he reported seeing a medical provider about once a week for COPD, ulcers and vision problems. The appellee further testified to taking six or seven medications, and claimed to leave the house infrequently driving only to the local supermarket, drugstore and to doctors which were all located close to his home. After testimony was presented by both sides regarding the incidents that led to the charges levied against Mr. Betancourt, the State pointed out that the crimes pled to were repetitive and sophisticated, and again recommended a sentence of 10 years in state prison. If the court did not choose to impose that sentence, however, the State asked the court to impose the score-sheet minimum of 105 months imprisonment.
 

 The trial court agreed with the State that no downward departure was appropriate on the basis that the offenses were isolated incidents. Nonetheless, the court felt there was “some sufficient evidence that [defendant] requires specialized treatment.”
 

 The Court: All right. Here’s what we’ll do. Before the court is what appears to be a 60 year old gentleman, even for that age somewhat emaciated, underweight. I do have a letter furnished to the court from the defense regarding alleged gastric abdominal pain, COPD, chronic hepatitis C, GERD, low back pain, major depression.
 

 The low back pain and major depression doesn’t score a lot of points with the court, quite honestly, as any kind of specialized treatment. But, obviously, we have a gentleman here who has some serious medical conditions.
 

 So based upon 921.0026[ (2)(d) ], requiring specialized medical care, I would
 
 *56
 
 choose to downward depart. I realize of course that’s over the State’s objection and is subject to appeal. But I think there is not a lot, but there is some sufficient evidence that he requires specialized treatment.
 

 So I will adjudicate you guilty to the counts for which he pled. I would sentence him to 15 years sex offender probation under Count 1. Now, I don’t know, quite honestly, if he can make 15 years of sex offender probation. But that’s what he’ll have to do if he wishes to stay out of prison.
 

 Counts 2, 3, 4 and 5, the solicitation counts, we would adjudicate him guilty on those and sentence him to time served on each count. I believe it was 3 days before he was bonded out on the special bond because of his condition.
 

 The State timely appealed.
 

 The State contends that the trial court’s basis for departure, a need for specialized medical treatment, was not supported by substantial, competent evidence. While treatment was in fact being provided to Mr. Betancourt, the State argues that there was no indication that it was specialized in any way. It was also not entirely clear, according to the State, what treatment was being provided, and whether the Department of Corrections was incapable of providing that care.
 

 The Florida Supreme Court in
 
 Banka v. State,
 
 732 So.2d 1065, 1067 (Fla. 1999), set out the process for departing from the guidelines.
 

 A trial court’s decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step one). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by “a preponderance of the evidence.” This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent, substantial evidence supports its ruling. Competent, substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.
 

 Second, where the step one requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step two), it must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court’s decision.
 

 (Emphasis supplied).
 
 See also State v. Geoghagan,
 
 27 So.3d 111, 113 (Fla. 1st DCA 2009);
 
 State v. Resh,
 
 992 So.2d 294 (Fla. 5th DCA 2008).
 

 Thus, while the list of statutory departure reasons provided in section 921.0026(2), Florida Statutes (2008), is not exclusive, a downward departure for reasons not set out by statute is permissible only if supported by competent, substantial evidence and not otherwise prohibited.
 
 See State v. Voight,
 
 993 So.2d 1174, 1176 (Fla. 5th DCA 2008). Specifically, section 921.0026(2)(d), Florida Statutes, applies to the instant appeal. That legislation provides that a downward departure from the
 
 *57
 
 lowest permissible sentence may be justified if a defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability and the defendant is amenable to treatment. Notably, in order to demonstrate the need for specialized treatment, it must be established that the mental disorder or physical disability requires treatment that is not available in the Department of Corrections. Moi'eover, it is well-established in the case law that a downward departure is improper in the absence of evidence that the defendant requires specialized treatment or that any such treatment could not be provided by the Department of Corrections.
 
 See State v. Mann,
 
 866 So.2d 179, 182 (Fla. 5th DCA 2004) (and cases cited therein).
 
 See also State v. Hall,
 
 981 So.2d 511, 514 (Fla. 2d DCA 2008);
 
 State v. Green,
 
 971 So.2d 146 (Fla. 4th DCA 2007),
 
 review denied,
 
 981 So.2d 1199 (Fla.2008);
 
 State v. Holmes,
 
 909 So.2d 526, 528 (Fla. 1st DCA 2005);
 
 State v. Porche,
 
 826 So.2d 1062, 1063 (Fla. 2d DCA 2002);
 
 State v. Tyrrell,
 
 807 So.2d 122, 127-28 (Fla. 5th DCA 2002);
 
 State v. Thompson,
 
 754 So.2d 126, 127 (Fla. 5th DCA 2000).
 

 In the instant case, the defense only presented a letter from a physician to the effect that Mr. Betancourt was under her professional care and suffered from epigastric abdominal pain, COPD, chronic hepatitis C, GERD, low back pain, and major depression. The physician also pointed out that the patient was currently undergoing treatment, and that in her opinion Mr. Betancourt required “frequent medical care and with the conditions listed, may not get the proper treatment if he is incarcerated.”
 

 The presentation of the letter alone does not establish through competent, substantial evidence that treatment was unavailable through the Department of Corrections. Because there is insufficient evidence in the record indicating that the Department of Corrections could not provide the necessary treatment, we are compelled to reverse and remand for a new sentencing.
 

 REVERSED and REMANDED.
 

 PALMER and COHEN, JJ., concur.