ROTHENBERG, J.
The defendant was charged with burglary and possession of burglary tools, and according to the sentencing guidelines, the lowest permissible sentence he could receive upon a conviction was 48.6 months. Although the State was seeking an enhanced penalty pursuant to the habitual offender statute, the trial court departed downward and sentenced the defendant to three years of probation with special conditions. The State appeals the defendant’s downward departure sentence. Because there is insufficient competent evidence to support the trial court’s ruling, we reverse.
In State v. Salgado, 948 So.2d 12 (Fla. 3d DCA 2006), this Court held that the decision whether to depart downward from the sentencing guidelines is a two-part process.
First, the trial court must determine whether there is a valid legal ground for a downward departure and whether there is adequate factual support for the ground for departure. Second, if there is a valid basis for the trial court to permissibly depart, it must determine whether departure is the best sentencing option for the defendant in the pending case. In other words, the first prong is whether the trial court can legally depart and the second prong is whether the trial court should depart. The trial court’s determination regarding the first prong is a mixed question of law and fact, which will be sustained on review if the trial court applied the correct rule of law and there is competent substantial evidence to support the ruling; whereas the second prong involves a judgment call within the sound discretion of the trial court, which will be sustained on appellate review absent an abuse of discretion.
*950 Id. at 15. Section 921.0026, Florida Statutes (2008), allows a trial court to depart downward from the lowest permissible sentence under the guidelines when the circumstances “reasonably justify the downward departure.”
The subsection the trial court relied on in its downward departure in the instant case is subsection (2)(d), which permits a downward departure where: “The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” § 921.0026(2)(d).
Florida law, however, requires that, if a departure is to be permitted under subsection (2)(d), “the defendant must also establish, by a preponderance of the evidence, that the Department of Corrections cannot provide the required ‘specialized treatment.’” State v. Gatto, 979 So.2d 1282, 1283 (Fla. 4th DCA 2008) (emphasis added); see also State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005).
Testimony from a treating physician regarding the defendant’s mental disabilities and his need for specialized treatment—without more—does not satisfy the defendant’s burden for a departure under subsection (2)(d). For example, in State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005), the Second District held that the defendant did not meet her burden where her expert testified that “he was unsure whether treatment was available from the DOC ... based on his observations from the DOC website.” Likewise, in Gatto, the Fourth District found that the doctor’s testimony was insufficient to establish that the defendant could not receive the required specialized treatment for his disorder in prison where the doctor testified that the defendant “could get some treatment, which is better than no treatment.” 979 So.2d at 1233. The court concluded: “At most, Dr. Brannon’s testimony is susceptible to an interpretation that he believed Gatto might receive better or more treatment outside of a prison setting, but not that treatment was unavailable through DOC.” Id. at 1234.[1]
In the instant action, the defendant clearly established that he requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, based on numerous reports in the record detailing his history of mental illness, thus qualifying him for consideration of a downward departure under sec *951 tion 921.0026(2)(d). The defendant has also demonstrated that he is amenable to treatment and that he has benefitted from the treatment he is currently receiving. The defendant, however, failed to meet his burden of establishing by a preponderance of the evidence that the Department of Corrections cannot provide the specialized treatment he requires. The only evidence submitted by the defendant in this regard was a psychologist’s report, which merely stated: “At this time, [the defendant’s] treatment needs are not likely to be met in a state correctional facility, given the frequency and intensity of services warranted.” Such an inconclusive statement does not satisfy the defendant’s burden and does not provide sufficient competent substantial evidence to support the trial court’s ruling.
Because the defendant did not establish by competent evidence that the Department of Corrections cannot provide the specialized treatment the defendant requires, we reverse the downward departure sentence imposed. We do so, however, without prejudice to allow the defendant to satisfy — if he can — his burden.
Reversed and remanded.

. See also State v. Hall, 981 So.2d 511 (Fla. 2d DCA 2008) (finding that the defendant was not entitled to a downward departure sentence where she "neither presented any evidence nor attempted to present any evidence that the Department of Corrections could not provide treatment for her bipolar disorder”); Scherber, 918 So.2d at 425 (holding that the trial court erred in finding that the defendant was eligible for a downward departure sentence where "the only testimony relating to the availability of treatment at the DOC” was the statement by the defendant's expert that DOC could provide the defendant with "any required medication ... [b]ut as far as any formal plan to deal with coping skills, dealing with life head-on, not to my knowledge”); Wheeler, 891 So.2d at 616 (reversing a downward departure where "the record is devoid of evidence concerning what treatment Wheeler requires ... [and] contains no showing either that Wheeler requires any treatment that cannot be provided by the Department of Corrections or that there is a reasonable possibility that treatment of his mental disorder would be successful”); State v. Porche, 826 So.2d 1062, 1063 (Fla. 2d DCA 2002) (reversing a downward departure sentence where the defendant "presented an abundance of evidence supporting his assertion that he suffers from numerous serious medical conditions,” but "there was no evidence that he will not receive the necessary treatment while in the custody of the Department of Corrections”).