PER CURIAM.
The state appeals a downward departure sentence granted by the trial court because of the defendant’s medical condition. It claims that competent substantial evidence did not support the trial court’s decision to depart, because the defendant proved neither amenability to treatment nor that treatment was unavailable in the prison system. We disagree and affirm.
A trial court’s decision to grant a downward departure is a two-step process. State v. Alonso, 31 So.3d 265, 266 (Fla. 4th DCA 2010). “First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1).” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999) (emphasis in original). Second, where the requirements of the first step are met, the trial court “must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.” Id. at 1068 (emphasis in original). While the second step is a judgment call, within the sound discretion of the sentencing court, which will be sustained on review absent an abuse of discretion, the first step is “a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.” Id. at 1067-68. The defendant has the burden of proof to establish the facts that support a downward departure by a preponderance of the evidence. State v. Petringelo, 762 So.2d 965, 965 (Fla. 2d DCA 2000).
Section 921.0026 establishes that a trial court is prohibited from giving a downward departure from the lowest permissible sentence under the Criminal Punishment Code “unless there are circumstances or factors that reasonably justify the downward departure.” § 921.0026(1), Fla. Stat. (2008). The statute sets out mitigating factors, although the list is not exclusive. One statutory ground justifying a downward departure is when a defendant “requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” § 921.0026(2)(d), Fla. Stat. (2008). The requirement that the defendant be amenable to treatment is met by a showing that there is a “reasonable possibility” that such treatment will be successful. State v. Hillhouse, 708 So.2d 326, 327 (Fla. 2d DCA 1998).
Although in this case the issue is factually close, the trial court had competent evidence to support its conclusion of amenability to treatment when considering the totality of the defendant’s and the expert’s testimony. The expert testified that the defendant had a serious mental condition, pre-dating his additional substance abuse, which required intensive treatment which she described. While she noted that he had past failures in treatment, he had recently successfully completed a treatment plan. Moreover, the defendant himself told the court of some of his past difficulties which had made treatment difficult, including the fact that in jail he has been put in protective custody and could not get into the type of treatment programs which might have helped. While the defendant’s word alone that he is amenable to treatment is not enough, see State v. Bostick, 715 So.2d 298 (Fla. 4th DCA 1998), we think that the court could evaluate the testimony of the expert together *1125 ■with the testimony of the defendant and conclude that he was amenable to treatment.
In addition, the expert testified that the specialized treatment the defendant needed was not available in the prison system, a requirement for downward departure under section 921.0026(2)(d). See State v. Gatto, 979 So.2d 1232, 1238 (Fla. 4th DCA 2008). The state did not rebut the evidence presented.
Because the defendant offered competent substantial evidence of the elements of a statutory mitigating factor, the trial court did not err in concluding that it could depart. The remaining inquiry as to whether it should depart is a matter within the judge’s sound discretion.

Affirmed.

POLEN and STEVENSON, JJ., concur.
WARNER, J., concurs specially with opinion.