ORFINGER, C.J.
The State of Florida appeals the downward departure sentence imposed on James R. Owens following his nolo conten-dere plea to several felonies and misdemeanors. We affirm, but elect to consider this case en banc to recede from a line of earlier cases that impose a requirement on a sentencing statute that goes beyond the statute’s plain language.
Florida law provides that a trial court must, at a minimum, impose the lowest permissible sentence on a criminal defendant calculated according to the Criminal Punishment Code, unless the court finds that the evidence supports a valid reason for a downward departure. § 921.00265(1), Fla. Stat. (2010). A trial court is permitted to impose a downward departure sentence when a defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, provided the defendant is amenable to treatment. § 921.0026(2)(d), Fla. Stat. (2010). That was the trial court’s finding here. However, this Court and others have added an additional requirement, not found in the statute, that the defendant must also establish that the needed treatment is unavailable in the Department of Corrections. See, e.g., State v. Betancourt, 40 So.3d 53 (Fla. 5th DCA 2010); State v. Knox, 990 So.2d 665 (Fla. 5th DCA 2008); State v. Gatto, 979 So.2d 1232, 1233 (Fla. 4th DCA 2008); State v. Green, 971 So.2d 146, 148 (Fla. 4th DCA 2007); State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005); State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005); State v. Mann, 866 So.2d 179, 182 (Fla. 5th DCA 2004); State v. Tyrrell, 807 So.2d 122, 127-28 (Fla. 5th DCA 2002); State v. White, 755 So.2d 830, 832-33 (Fla. 5th DCA 2000); State v. Thompson, 754 So.2d 126, 127 (Fla. 5th DCA 2000); State v. Abrams, 706 So.2d 903, 904 (Fla. 2d DCA 1998).
We are now persuaded by Judge Warner’s concurring opinion in State v. Hunter, 65 So.3d 1123, 1125-26 (Fla. 4th DCA 2011), adopted en banc by the Fourth District Court in State v. Chubbuck, 83 So.3d 918 (Fla. 4th DCA 2012), that our earlier view is erroneous, and recede from those cases that add the additional requirement to the statute. See Curry v. Lehman, 55 Fla. 847, 47 So. 18, 20 (Fla.1908) (“[I]t is the duty of the court to interpret laws and not to make them, and we are to make no subtraction or addition to the meaning of a statute.”). We adopt the reasoning in Judge Warner’s concurring opinion in Hunter as the opinion of the Court:
I agree that this case should be affirmed, but I write separately to question whether the statutory factor of need of specialized treatment requires the defendant to prove that the treatment he needs is not available in the prison system. Because the statute does not make this a requirement, I would conclude that it is not part of the defendant’s burden to prove this element in order for the trial court to determine that it can depart from the lowest permissible sentence under the Criminal Punishment Code.
Section 921.0026 provides mitigating circumstances “under which a departure *1020 from the lowest permissible sentence is reasonably justified.... ” These include: “(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” Although not stated in the statute, there is a significant body of case law holding that to receive a sentence pursuant to section 921.0026(2)(d), there must be evidence that the Department of Corrections (DOC) cannot provide the specialized treatment required. See State v. Gatto, 979 So.2d 1232, 1233 (Fla. 4th DCA 2008); State v. Green, 971 So.2d 146, 148 (Fla. 4th DCA 2007); State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005); State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005); State v. Mann, 866 So.2d 179, 182 (Fla. 5th DCA 2004); State v. Tyrrell, 807 So.2d 122, 128 (Fla. 5th DCA 2002); State v. Thompson, 754 So.2d 126, 127 (Fla. 5th DCA 2000); State v. Abrams, 706 So.2d 903, 904 (Fla. 2d DCA 1998).
This requirement appears to have had its origins in Abrams, the first time we find it mentioned in case law. Abrams involved a downward departure sentence from a guidelines sentence, because the crime for which he was being sentenced occurred in 1997, prior to the enactment of the Criminal Punishment Code. However, the statute at the time included the same mitigating factor but no reference to the unavailability of treatment in prison. See § 921.0026(2)(d), Fla. Stat. (1997). In Abrams, the court said, without citation to any authority: “There is no evidence in the record, however, that Mr. Abrams requires specialized treatment for HIV that cannot be provided through the Department of Corrections.” 706 So.2d at 904. On the other hand, in State v. Spioeh, 706 So.2d 32 (Fla. 5th DCA 1998), Judge Griffin accurately noted in discussing the same statute involved in Abrams, that
[A] lack of available treatment in prison is not required under the statute. Although illness is not a “get out of jail free card,” a treatable physical disability is one of the circumstances where the legislature has chosen to re-invest trial judges with discretion to vary from sentencing guidelines.
Id. at 36. Despite this conflict of opinion between the districts, the courts appear to have turned the one sentence in Abrams into an additional element for the defendant to prove in order to obtain a downward departure sentence under section 921.0026(2)(d), Florida Statutes. Our court likewise adopted this element as part of the defendant’s burden of proof, without any authority other than the citation of cases, which lead back to Abrams. See, e.g., Gatto, 979 So.2d at 1233; Green, 971 So.2d at 148.
Sentencing statutes must be strictly construed according to their letter. See Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991); Atterbury v. State, 991 So.2d 980, 981 (Fla. 4th DCA 2008). In sentencing, the trial judge should strictly follow the dictates of statutes. See Troutman v. State, 630 So.2d 528, 533 n. 6 (Fla.1993), superseded by statute on other grounds as stated in Ritchie v. State, 670 So.2d 924 (Fla.1996). In addition, the rule of lenity requires that when language of a statute is susceptible of differing constructions, it must be construed most favorably to the accused. See § 775.021(1), Fla. Stat. (2008).
By requiring the defendant seeking downward departure from a criminal punishment code sentence to prove that services to treat his or her medical condition are unavailable in prison, the *1021 courts have placed an additional burden on the defendant which is not required by the Legislature. In fact, nothing in the legislative history even hints that in order to justify a downward departure on this ground, services must be unavailable in prison to treat the condition. While that might be what the Legislature intended, I think it should state its intentions clearly so that no one has to guess as to the requirements in punishment statutes.
The burden of proving a negative, i.e. that no treatment options exist in the prison system, is problematic for the defendant and defense attorneys. For instance, in this case the expert testified that she had been unable to reach Department of Corrections officials to have them explain their treatment procedures in the prison system. Instead she relied on other information, including her work with former inmates and the general protocols for treating mental illness, as well as other information which might be considered hearsay.
The prison system is a very large institution with very large medical facilities. To track down all of the available treatment in the system may be a daunting and very expensive task, adding to an already overburdened public defender system. On the other hand, the information on availability of treatment is readily available to the state. I think the state is in the better position to offer such proof in opposition to a downward departure.
Hunter, 65 So.3d at 1125-26 (Warner, J., specially concurring) (footnote omitted).
Here, based on the evidence presented, the trial judge believed that Owens had a mental disorder unconnected to substance abuse. Neither the State nor Owens offered any evidence as to the treatment options available to him in the Department of Corrections. We conclude, however, that the trial judge properly considered Owens’s mental condition as a mitigating factor that justified a downward departure. This finding was consistent with the plain language of section 921.0026(2)(d).
For this reason, we recede from Betancourt, Knox, Mann, Tyrrell, White, and Thompson and certify direct and express conflict[1] with State v. Ford, 48 So.3d 948, 950 (Fla. 3d DCA 2010); State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Holmes, 909 So.2d 526, 528 (Fla. 1st DCA 2005); State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005); State v. Green, 890 So.2d 1283, 1286 (Fla. 2d DCA 2005); and State v. Abrams, 706 So.2d 903, 904 (Fla. 2d DCA 1998).
AFFIRMED; CONFLICT CERTIFIED.
SAWAYA, PALMER, TORPY, LAWSON, EVANDER, COHEN and JACOBUS, JJ., concur.[2]

. See Fla. R.App. P. 9.030(a)(2)(A)(vi).