HARRIS, C.M., Senior Judge.
Ebony Jones was convicted of burglary of a dwelling and criminal mischief. At sentencing, she requested a downward departure pursuant to section 921.00265(1), Florida Statutes (2010). At the sentencing hearing, Jones put on non-expert but unchallenged testimony that she has had mental health issues since her early teenage years and has been diagnosed with bipolar disorder and borderline personality disorder. It was also presented that schizophrenia runs in her family.
The trial court did not consider this evidence, but not because he did not believe the testimony or that the testimony would not justify departure. The sentencing court’s failure to grant departure was his finding that this Court’s decision in State v. Mann, 866 So.2d 179 (Fla. 5th DCA 2004), precluded any consideration of departure unless the defense first meets its burden of showing that appropriate treatment cannot be received in prison. This Court has now receded from Mann, see State v. Owens, 95 So.3d 1018 (Fla. 5th DCA 2012), and no longer places this burden on the defendant.
. The State claims, perhaps correctly, that Jones failed to meet all of the technical requirements of the statute. But it seems to be of greater concern that the sentencing court relied on law since changed by this Court and which should be applied to this sentencing. It would be more just to remand for resentencing under the correct law to see if Jones can meet the test.
REVERSED and REMANDED for RESENTENCING.
GRIFFIN and PALMER, JJ., concur.