PER CURIAM.
Manuel Betancourt pled no contest to various crimes and received a downward departure sentence based on an alleged need for specialized medical treatment. The State appealed, and this Court reversed, concluding that Betancourt failed to prove with competent, substantial evidence, that the necessary medical treatment he required could not be provided by the Department of Corrections (“DOC”). See State v. Betancourt, 40 So.3d 53, 57 (Fla. 5th DCA 2010). On remand, a new sentencing hearing was conducted and again, Betancourt asserted that he needed specialized medical treatment that was not available from the DOC. The trial court, properly concluding that it was bound by our earlier decision, found that Betancourt failed to demonstrate that DOC could not provide the necessary care and treatment.
While this appeal was pending, this Court receded from its numerous prior decisions and has now held that a defendant is not required to establish that the needed treatment is unavailable in DOC. See State v. Owens, 95 So.3d 1018 (Fla. 5th DCA 2012)(en banc). Betancourt’s resen-tencing occurred before we decided Owens. Because the trial court did not have the benefit of our decision and originally indicated a desire to impose a downward departure sentence, we reverse Betancourt’s sentence and remand this matter for re-sentencing so that the court may consider our holding in Owens.
REVERSED and REMANDED.
ORFINGER, C.J., PALMER and BERGER, JJ., concur.