PER CURIAM.
Christopher Kinsey appeals the sentence imposed following his entry of an open no contest plea to one count of failing *425 to register as a sexual predator. During the sentencing hearing, Mr. Kinsey sought a downward departure sentence under section 921.0026(2)(d), Florida Statutes (2013), asserting that he suffers from a mental disorder. He did not present evidence that the Department of Corrections could not or would not accommodate his apparent need for specialized treatment and the trial court refused to impose the downward departure sentence, adhering to the requirements set forth in State v. Holmes, 909 So.2d 526 (Fla. 1st DCA 2005).
Mr. Kinsey asks this Court to recede from its decision in Holmes in view of the conflicting conclusions reached more recently by other district courts as to what a defendant must establish in order to qualify for a downward departure under section 921.0026(2)(d). See State v. Chubbuck, 83 So.3d 918 (Fla. 4th DCA 2012) (en banc); State v. Owens, 95 So.3d 1018, 1021 (Fla. 5th DCA 2012) (en banc). As this Court recognized recently in Dixon v. State, 128 So.3d 972 (Fla. 1st DCA 2013), we are bound by our own precedent to affirm. But if it were an open question, we would find the reasoning of Chubbuck, and Owens strongly persuasive. In Chubbuck, the Fourth District Court of Appeal, sitting en banc, determined a defendant is not required to establish that needed treatment is unavailable in the Department of Corrections in order to qualify for a downward departure. Subsequently, in Owens, the Fifth District Court of Appeal agreed, stating:
By requiring the defendant seeking downward departure from a criminal punishment code sentence to prove that services to treat his or her medical condition are unavailable in prison, the courts have placed an additional burden on the defendant which is not required by the Legislature. In fact, nothing in the legislative history even hints that in order to justify a downward departure on this ground, services must be unavailable in prison to treat the condition.
95 So.3d at 1020-21.
As a practical matter, defense counsel’s ability to accurately determine if treatment is available for a particular mental health malady is constrained by bureaucracy, budget considerations, and the diverse nature of facilities -within the Department of Corrections. Moreover, under a plain reading of the statute, it is not required.
Nonetheless, we must affirm the trial court’s adherence to this Court’s precedent.
AFFIRMED.
BENTON, SWANSON, and OSTERHAUS, JJ. concur.