PER CURIAM.
Dale Weeks (Weeks) argues, in this direct appeal, that his sentences are illegal. Weeks’ sentences exceed the statutory máxi-mums for his crimes; we thus remand for resentencing. We affirm Weeks’ convictions.
A jury found Weeks guilty of battery, a lesser-included offense of the charged crime *1320 (aggravated battery); three counts of sexual battery not likely to cause serious bodily injury, lesser-included offenses of the charged crimes (sexual battery likely to cause serious bodily injury); and false imprisonment, as charged. (The jury found Weeks not guilty of petit theft.) These crimes were committed on September 5, 1995, in Walton County.
Weeks first argues that the trial judge erred in admitting rebuttal testimony that the truck Weeks was driving on the night of his crimes was reported stolen by its owner. (Weeks testified earlier on cross-examination that he borrowed the truck from one of his customers.) The trial judge admitted the evidence, with an instruction to the jury to consider the evidence for the limited purpose of evaluating Weeks’ credibility. We have reviewed the record in this case, which includes photographic evidence of the victim, and medical evidence in both graphic and testimonial form, and we are satisfied that there' is no reasonable possibility that the alleged error affected the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We consequently hold that admission of the complained-of evidence was harmless, and affirm Weeks’ convictions.
The trial judge sentenced Weeks to fifteen years in prison on each count of sexual battery (second-degree felonies), followed by five years of probation on each count; to five years in prison on the single count of false imprisonment (a third-degree felony), followed by five years of probation; and six months in jail for simple battery. Although the prison and probation portions of the sentence on each individual count were consecutive each to the other, sentences on all of the various counts were made concurrent. The statutory maximum for a second-degree felony however is fifteen years. § 775.082(3)(c), Fla. Stat. (1995). The statutory maximum for a third-degree felony is five years. § 775.082(3)(d), Fla. Stat. (1995). Weeks’ sentences for sexual battery and false imprisonment exceed the statutory máximums for his crimes and thus are illegal. Black v. State, 658 So.2d 672 (Fla. 1st DCA 1995) (holding illegal a twenty-year sentence for a second-degree felony and remanding for re-sentencing, despite that defendant pleaded unreservedly); see also Pearson v. State, 660 So.2d 406 (Fla. 1st DCA 1995) (holding illegal a thirty-year sentence for a third-degree felony, observing that the maximum sentence for a third-degree felony is five years, and remanding for imposition of a legal sentence). The instant case therefore must be remanded for resentencing. Id.
We accordingly affirm Weeks’ convictions, reverse his sentences on the felony counts and remand for resentencing within the statutory máximums for these offenses.
MINER, ALLEN and LAWRENCE, JJ., concur.