940 So.2d 498 (2006)
Jermaine ATTERBURY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2845.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
*499 Jermaine Atterbury, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Jermaine Atterbury, appeals the circuit court's denial of his rule 3.800(a) motion to correct illegal sentence. Appellant argues that his habitual offender sentence was illegally imposed as one of the two prior convictions used to impose the sentence was reversed on appeal. In lower court case 96-10178, appellant was convicted and sentenced to two years probation. The circuit court later revoked appellant's probation and imposed a term of incarceration. This court reversed the revocation of probation on appeal. Atterbury v. State, 740 So.2d 600 (Fla. 4th DCA 1999). On remand the lower court vacated the revocation of probation and terminated probation.
We affirm the denial of appellant's rule 3.800(a) motion as the conviction in case 96-10178 was not vacated. Appellant's prior convictions satisfy the sequential conviction requirement of the habitual offender statute. § 775.084(5), Fla. Stat. (2004). However, affirmance is without prejudice for appellant to raise, in another rule 3.800(a) motion, the issue of whether his probationary term ended within five years of committing the new offenses pursuant to section 775.084(1)(a)2.b., Florida Statutes.
WARNER, FARMER and HAZOURI, JJ., concur.