957 So.2d 108 (2007)
Geraldine KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-671.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
Geraldine Kelly, Fort Lauderdale, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the trial court's summary denial of three of appellant's claims raised in her Florida Rule of Criminal Procedure 3.850 motion. The state agrees that appellant's claim that her ten-year sentence on count III for possession of alprazolam with intent to sell has merit because the sentence is illegal. Possession of alprazolam, a schedule IV controlled substance, even if it is with intent to sell, is a third degree felony. § 893.13(1)(a)2, Fla. Stat. (2003). The ten-year sentence exceeds the statutory maximum of five years which is provided for third-degree felonies. The trial court erred in summarily denying this claim, and we reverse and remand for resentencing on this count.
Because the sentence resulted from a negotiated plea agreement involving multiple counts, on remand the state can agree to correction of the sentence on this particular count or appellant must be permitted to withdraw the plea in its entirety. Howell v. State, 764 So.2d 780 (Fla. 2d DCA 2000). Appellant is not entitled to de novo resentencing on all counts. If the sentence must be corrected, then the plea agreement would be violated, and unless the state agrees to the corrected sentence, it is not bound by the agreement and could choose to take appellant to trial. Bruno v. State, 837 So.2d 521 (Fla. 1st DCA 2003).
GUNTHER, KLEIN and SHAHOOD, JJ., concur.