ON CONFESSION OF ERROR

Damoorgian, J.
Appellant, Faron Jones, appeals an order denying his motion to withdraw his plea. Appellant was charged with one count of armed sexual battery and one count of false imprisonment. Pursuant to a negotiated plea, Appellant pled guilty to the lesser charge of sexual battery (a second degree felony) and to the false imprisonment charge. In exchange for his guilty pleas, Appellant was sentenced to concurrent terms of ten years in prison followed by ten years of probation on the sexual battery count, and to five years in prison on the false imprisonment count. After sentencing, Appellant filed a pro se motion to withdraw his plea based on alleged ineffective assistance of counsel. The court denied the motion and this appeal followed.
For procedural reasons not relevant to our opinion, the issue before us is the legality of the sentence imposed on the sexual battery count. Appellant argues that the sentence on that count is illegal. The State properly concedes error.
Sexual battery is a second degree felony. § 794.011(5), Fla. Stat. (2010). Second degree felonies are punishable “by a term of imprisonment not exceeding 15 years.” § 775.082(3)(c), Fla. Stat. (2010). The “term of imprisonment” calculation includes probation time. See Schmidt v. State, 884 So.2d 471, 471 (Fla. 4th DCA 2004). The sentence imposed totaled twenty years—ten years in prison followed by ten years of probation. This exceeded the fifteen year statutory maximum and was, therefore, illegal. See Weeks v. State, 696 So.2d 1319, 1319 (Fla. 1st DCA 1997) (fifteen years in prison followed by five years of probation was an illegal sentence for the second degree felony of sexual battery); see also, Barthel v. State, 862 So.2d 28, 29 (Fla. 2d DCA 2003) (“An illegal sentence cannot be imposed pursuant to a negotiated plea and an illegal sentence is subject to correction at any time, including collaterally.”).
Accordingly, we reverse the sentence imposed on the sexual battery count. “[0]n remand the state can agree to correction of the sentence on this particular count or [A]ppellant must be permitted to withdraw the plea in its entirety.” Kelly v. State, 957 So.2d 108, 109 (Fla. 4th DCA 2007).

Reversed and remanded.

May and Conner, JJ., concur.