886 So.2d 423 (2004)
STATE of Florida, Appellant/Cross-Appellee,
v.
Steven ERTEL, Appellee/Cross-Appellant.
No. 2D03-2742.
District Court of Appeal of Florida, Second District.
November 17, 2004.
*424 Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellee/Cross-Appellant.
DAVIS, Judge.
Following a jury trial, Steven Ertel was convicted of sexual battery and was sentenced to three years in prison, which was a downward departure from the sentence required by the Criminal Punishment Code scoresheet. In this appeal, the State challenges the downward departure sentence, and on cross-appeal, Ertel challenges his conviction. We affirm Ertel's sexual battery conviction and vacate the downward departure sentence.
The State argues that the trial court erred in imposing a downward departure sentence because the reason given by the trial court to support the departure is not a valid ground for departure and, even if it were, there was no valid evidence to support it. We agree that there is insufficient evidence to support the downward departure sentence.
The sentencing scoresheet in this case established a sentencing range of 94.5 months up to 15 years. The trial court departed downward and sentenced Ertel to three years in prison. Although the court did not file written reasons for departure, it orally stated:
Well, having heard the testimony introduced at trial and comments of the victim afterwards and the comments of the State, it is my finding that the bottom of the guidelines would constitute an excessive sentence in this case. I find Mr. Ertel's comments have indicated to me that he is having a problem accepting the inappropriateness of his actions and is having a hard time accepting the consequences for his own behavior and tries to put those off on someone else.
I will accept the cooperation that he gave, as outlined by Mr. Hope [defense counsel], as mitigating circumstances as a basis for the departure and that he serve three years with the Department of Corrections.
*425 Defense counsel had argued for a downward departure based on Ertel's cooperation, which he described as follows:
Based upon discovery, Mr. Ertel having provided the state law enforcement, when they arrived at his house that morning, an opportunity to search it without demanding a search warrant, having spoken to the police officers and having acknowledged having sex with Ms. Cane the previous night, he was in some degree cooperative.
While cooperation with law enforcement is a valid ground for a downward departure, Ertel's action here in not requiring the officers to obtain a search warrant to search his home and in giving a statement to officers did not rise to the level of cooperation that is required in order to justify a downward departure sentence. In State v. Collins, 482 So.2d 388, 389 (Fla. 5th DCA 1985), the Fifth District observed that the record did not support departure on the basis of cooperation where the assistance did not result in solving any crimes. See also State v. Davis, 537 So.2d 192 (Fla. 2d DCA 1989) (stating that defendant's cooperation was sufficient to support downward departure where defendant gave police information resulting in three arrests and solving numerous other crimes). Ertel's actions, as described by his counsel, did not assist in solving any crime nor did it lead to the arrest of other persons.
In State v. Lacey, 553 So.2d 778, 779 (Fla. 4th DCA 1989), the Fourth District stated that a "plea or no appeal cannot be a valid reason for a downward departure anymore than a demand for trial or a filed appeal can be a valid reason for an upward departure." See also State v. McGriff, 698 So.2d 331 (Fla. 2d DCA 1997); State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003), review denied, 866 So.2d 1212 (Fla.2004); State v. Quintanal, 791 So.2d 23 (Fla. 3d DCA 2001). Similarly, in this case, Ertel's waiver of his procedural right to demand that officers obtain a search warrant prior to searching his home does not rise to the level of cooperation that will support a downward departure.
Having found that the facts did not support the reason that the court gave for the downward departure sentence, we vacate the downward departure sentence and remand for entry of a guidelines sentence.
On cross-appeal, Ertel argues that fundamental error occurred when Detective Farrell and Marquette Flaugher both testified that Flaugher collected physical evidence from sexual assault victims during SAVE (Sexual Assault Victim Examination) examinations. It is Ertel's position that whether the victim was a sexual assault victim was a question of fact for the jury and that Flaugher's testimony thus allegedly deprived the jury of making this determination.
Because defense counsel did not object to the testimony when it was offered, in order for any error in the testimony to be reversible, it must be fundamental. See F.B. v. State, 852 So.2d 226, 229 (Fla.2003). This testimony did not present fundamental error, however, because it did not reach down to the validity of the sexual battery conviction. Nor did it create a due process violation. Id.
Even if the issue had been preserved for review, the witnesses' reference to the SAVE exam as being one for sexual assault victims was not harmful given the fact that such an exam is routine for women who report having been sexually abused. This is a matter of common knowledge that the jurors, as members of society, may be deemed to understand. There is no reasonable possibility that this testimony affected the verdict. See Williams v. State, 863 So.2d 1189, 1190 *426 (Fla.2003). Because any error here was not fundamental or harmful, Ertel's conviction must be affirmed.
Affirmed in part; reversed in part.
SILBERMAN and CANADY, JJ., concur.