894 So.2d 293 (2005)
STATE of Florida, Appellant,
v.
Joseph WHITE, Appellee.
No. 2D04-1435.
District Court of Appeal of Florida, Second District.
February 23, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellant.
Lawrence D. Montekio, Sarasota, for Appellee.
WHATLEY, Judge.
The State appeals the downward departure sentences imposed on Joseph White for three counts of sale of cocaine and one count of possession of cocaine with intent to sell. We reverse because the two stated reasons for departure are not supported by sufficient competent evidence.
The trial court based White's downward departure sentences on the finding that the offenses were committed in an unsophisticated manner, the offenses were isolated incidents, and White has *294 shown remorse. White was required to prove all three of the above elements to justify the departure. State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003). We conclude that White did not prove that the offenses were isolated incidents. White was convicted of selling cocaine once on March 27, 2003, and twice on April 3, 2003. He was thereafter arrested for possession of cocaine with the intent to sell on June 27, 2003. White testified that he had no job during that time period and that selling cocaine was his source of income. He admitted that he sold cocaine during the months of March and April 2003. In addition, White violated supervised pretrial release by testing positive for cocaine on October 1, 15, and 22, 2003. This evidence reflects that White was selling cocaine during a four-month time frame and was still consuming cocaine four months after his arrest for the current offenses. Because the evidence did not establish that either White's sale or his possession of cocaine with intent to sell were isolated incidents, the trial court erred in entering downward departure sentences on this basis. Cf. State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999) (holding that evidence supported trial court's finding that sales of cocaine were isolated incidents where such sales occurred during a period of several days in December, were to the same person, and were at a time when the appellee was trying to provide a good Christmas for his family).
The trial court also found that the departure sentences were justified because White cooperated with the State to resolve the current offenses or another offense. White testified that he cooperated with police by confessing to the crimes for which he was charged and by allowing police to search his room. We conclude that White's actions do not rise to the level of cooperation that will support a downward departure. This case is similar to State v. Ertel, 886 So.2d 423 (Fla. 2d DCA 2004). In Ertel, this court held that the appellee's actions in allowing police to search his home without a search warrant and in giving statements to police did not justify a downward departure. Id. at 425. It noted that a departure sentence cannot be based on cooperation where the assistance does not result in solving any crimes or the arrest of other persons. Id. Here, White sold cocaine to police officers and was found in possession of cocaine when he was arrested. Although he allowed police to search his room, no drugs were found as a result of the search. White's assistance did not result in solving any crimes and it did not lead to the arrest of other persons. Therefore, the trial court erred in entering downward departure sentences on this basis.
Accordingly, we reverse White's sentences and remand for resentencing within the guidelines. Id.
NORTHCUTT and VILLANTI, JJ., concur.