RAMIREZ, C.J.
 

 The State of Florida appeals the defendant Terrance McCray’s downward departure sentence. We reverse, finding that the trial court erred in imposing a sentence that was below the sentencing guidelines, over the State’s objection, without filing written reasons for the downward departure and without any orally stated reasons for a downward departure.
 

 McCray and his co-defendant were charged with burglary of an unoccupied dwelling and criminal mischief. He pled nolo contendere and scored out to twenty-one (21) months in state prison.
 

 At the sentencing hearing, the State objected to McCray being placed on probation because he had scored twenty-one months in state prison. In addition, the State conveyed to the trial court that one of the victims in the case, as well as the victim’s husband, objected to McCray being placed on probation. The State further objected to McCray being placed on probation because he had another open misdemeanor case, resisting an officer without violence. As such, the State argued, McCray was not an appropriate candidate for probation.
 

 In reply, the defense argued that the co-defendant in this case received probation as a youthful offender. The defense further argued that the community would be protected if McCray was placed on probation. The State pointed out to the trial court that the co-defendant was substantially younger than McCray.
 

 The trial court thereafter withheld adjudication and sentenced McCray to two years probation, one-hundred community sendee hours, participation in a jobs program, and restitution in the amount of $205. The State again objected. McCray entered his plea and was sentenced accordingly. The State now appeals.
 

 We agree with the State that the trial court erred when it imposed a sentence, after a plea offer, that constituted a downward departure from the sentencing guidelines, over the State’s objection, without filing written reasons for the downward departure and without any orally stated reasons for the downward departure. When a trial court enters a sentence containing a dowirward departure from the sentencing guidelines, the trial court must provide valid written reasons for doing so.
 
 *873
 

 State v. Green,
 
 932 So.2d 365 (Fla. 3d DCA 2006). If the trial court does not do so, however, a downward departure sentence may be affirmed if the trial court orally pronounces on the record a valid basis for the sentence.
 
 Pease v. State,
 
 712 So.2d 374 (Fla.1997); Fla. R.Crim. P. 3.704(d)(27)(A).
 

 In McCray’s case, the trial court did not render written findings. Moreover, a review of the January 13, 2009 plea and sentencing transcript does not indicate that any orally announced basis for the sentence was given.
 

 A plea agreement between the State and a defendant is a valid reason for a departure from the sentencing guidelines, but if the State objects to a plea offer made by the trial court to a defendant, the trial court cannot make such an offer unless it provides clear and convincing reasons for its departure.
 
 State v. Johnson,
 
 512 So.2d 1116, 1116-17 (Fla. 3d DCA 1987).
 

 Accordingly, the plea is vacated and the case is remanded so that McCray may either withdraw his plea or be resentenced within the sentencing guidelines.
 
 Franquiz v. State,
 
 682 So.2d 536 (Fla.1996).
 

 Reversed and remanded.