DAVIS, Judge.
Allen Smith pleaded no contest to one count of driving while his license was revoked, and the trial court sentenced him to one year and one day in prison. Smith challenges his judgment and sentence, arguing that the trial court erred in denying his motion to withdraw plea. The State cross-appeals, challenging Smith’s sentence, which was a downward departure from the 15.4-month lowest permissible sentence indicated on Smith’s guidelines scoresheet. We conclude that the trial court did not abuse its discretion in denying Smith’s motion to withdraw his plea. However, because the trial court failed to state on the record valid reasons for imposing a downward departure sentence, we reverse.
When Smith entered his plea, the trial court agreed to sentence him to one year and one day in prison provided that he appear on time for sentencing and not incur any new charges in the interim. At the time, the prosecutor objected, noting that he was “unaware of any legal basis to depart in this case.” Prior to sentencing, Smith sought to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f). The trial court denied the motion because Smith’s basis for the motion was fully addressed prior to the entry of his plea. At that hearing, the State renewed its objection to Smith’s sentence, but the trial court imposed the agreed to sentence of one year and one day in prison.
Because Smith failed to show good cause why he should be permitted to withdraw his plea, the trial court did not abuse its discretion in denying his motion to withdraw plea. See Luedtke v. State, 6 So.3d 653, 655 (Fla. 2d DCA 2009) (“Under rule 3.170(f), the trial court may, in its discretion, and shall, on good cause, at any time before sentencing, permit a plea of guilty or no contest to be withdrawn. Where less than good cause is shown, the trial court’s ruling will not be reversed absent an abuse of discretion.”). However, it was error for the trial court to impose a downward departure sentence over the State’s objections without stating valid reasons for the departure. See State v. McCray, 31 So.3d 871, 872 (Fla. 3d DCA 2010); see also State v. Barnes, 753 So.2d 605, 607 (Fla. 2d DCA 2000). Accordingly, we reverse the judgment and sentence and remand for the trial court to allow Smith to choose either to withdraw his plea or be resentenced within the sentencing guidelines. See State v. McKnight, 35 So.3d 995, 998 (Fla. 5th DCA 2010).
We note the likelihood that neither party is well-served by the relief afforded in this opinion. Smith faces the possibility of a longer sentence than the one he is currently serving, and an overburdened system adds a case to its docket in what amounts to a dispute over a possible three-month difference in sentence length.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ., Concur.