KELLY, Judge.
 

 The State appeals from the downward departure sentence imposed on Daniel Sweeney following his no contest plea to ten counts of possession of child pornography. Because the reasons for departure articulated by the trial court are not supported by competent, substantial evidence, we reverse.
 

 Sweeney was originally charged with forty counts of possession of child por
 
 *1155
 
 nography stemming from law enforcement’s seizure of a single DVD from his home. Sweeney entered an open plea of no contest to counts one through ten. In exchange, the State nolle prossed the remaining counts. Sweeney’s criminal punishment code scoresheet reflected a lowest permissible sentence of 127.5 months. The trial court, however, departed downward and sentenced Sweeney to two years’ community control followed by ten years’ probation. In pronouncing sentence, the trial court justified the departure stating that “this was an isolated incident committed in an unsophisticated manner. I think [Sweeney] has shown remorse_And I think he did cooperate with law enforcement.”
 
 [1]
 
 On appeal, the State argues that the trial court’s reasons for departure are not supported by evidence in the record. We agree.
 

 Although a trial court may in its discretion impose a downward departure sentence, it must articulate valid legal grounds for doing so, and those grounds must be supported by competent, substantial evidence.
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999). The trial court based Sweeney’s departure sentence on the finding that the offense was committed in an unsophisticated manner and that it was an isolated incident for which Sweeney has shown remorse.
 
 See
 
 § 921.0016(4)(j), Fla. Stat. (2007). “To support a departure based on this reason, all three elements must be shown: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse.”
 
 State v. Falocco,
 
 730 So.2d 765, 765 (Fla. 5th DCA 1999) (citations omitted);
 
 see State v. Munro,
 
 903 So.2d 381, 382 (Fla. 2d DCA 2005). While the record supports the trial court’s finding that Sweeney was remorseful, there was no evidence that the offense was unsophisticated or that this was a single, isolated incident. In fact, the record reveals that Sweeney had previously downloaded child pornography and traded the disks with other individuals.
 

 The trial court also justified the downward departure noting that Sweeney cooperated with law enforcement by not requiring the officers to obtain a search warrant for his home and in admitting to police that the disk containing the pornographic images belonged to him.
 
 See
 
 § 921.0016(4)(i). While cooperation with law enforcement is a valid basis for a downward departure sentence, Sweeney’s actions do not rise to the level of cooperation that 'will support a downward departure because his assistance did not result in solving any crimes or lead to the arrest of other persons.
 
 See State v. White,
 
 894 So.2d 293, 294 (Fla. 2d DCA 2005);
 
 State v. Ertel,
 
 886 So.2d 423, 425 (Fla. 2d DCA 2004).
 

 Accordingly, we reverse Sweeney’s sentence and remand for imposition of a guidelines sentence.
 

 Reversed and remanded.
 

 WHATLEY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . No written order setting out the departure reasons appears in the record. However, the failure to file written reasons in downward departure cases is not fatal where the trial court orally pronounces valid reasons for departure.
 
 See State v. Hall,
 
 981 So.2d 511, 513 (Fla. 2d DCA 2008).