ON MOTION TO RECALL MANDATE

SCHWARTZ, Senior Judge.
Upon consideration of the State of Florida’s motion for .clarification and to recall mandate, we recall the mandate issued on March 8, 2013, withdraw the opinion issued on February 20, 2013, and substitute the following in its stead:
The appellee was convicted, after trial, of possession of cannabis in excess of twenty grams and possession-of a place for purpose of trafficking. Although his sentencing score merited a prison term of twenty-one months to twenty years, the trial court, over the State’s objection, sentenced the appellee to three-hundred sixty-six days in prison followed by community control and reporting probation. The State appeals the downward departure.[1] Because we find that the trial court departed from its statutory obligations, we reverse and remand.
I.
It is axiomatic that a trial court choosing to depart from the sentencing guidelines must provide valid written reasons for doing so. State v. McCray, 31 So.3d 871 (Fla. 3d DCA 2010). The legislature has provided numerous avenues for complying with this requirement. The court may either annotate the scoresheet, Fla. R.Crim. P. 3.704(d)(27)(a), file written reasons within seven days after sentencing, id.-, § 921.00265(2), Fla. Stat. (1998), or, if it orally pronounces its reasoning at the sentencing hearing, provide a written transcription of that pronouncement, id. Despite the State’s repeated objections to the downward departure, the lower court failed to file any written reasons for its decision until twenty-seven days after the date the written judgment and sentence was filed and forty days after the oral pronouncement of the departure sentence. We reject the appellee’s claim that, in any appropriate sense, the court’s reasons were ever “orally announced.” The claim is based upon the fact that during the sentencing colloquy, the trial judge asked questions such as, “[H]e was cooperative with police. Right?” and, “What about the fact [sic] going back to work and being a productive member in society?” Questions like this during an oral colloquy, either in the trial or the appellate court, surely cannot serve as a cognizable statement of a judge’s actual ruling. We are thus obligated to vacate the sentence and remand for the imposition of a new sentence that accords with the statutory requirements.
II.
We also find that the grounds for departure cited in the court’s ad hoc justification are invalid. Its finding that the appellee cooperated with the State’s investigation is unsupported in the record. His admission that two houses, which he owned, contained marijuana grow operations, upon being discovered by police unloading barrels of soil onto one of the properties, does not constitute the type of cooperation contemplated by the statute. See, e.g., State v. Ertel, 886 So.2d 423, 425 (Fla. 2d DCA 2004). His alleged cooperation did not lead to the solving of any crimes or the arrest of any persons. See State v. White, 894 So.2d 293, 294 (Fla. 2d DCA 2005). The finding that the appellee was a mere accomplice or minor participant is also unfounded. The appellee’s assertion, cited in the trial court’s order, that he was merely an unknowing landlord *212 is not supported by competent, substantial evidence.[2] See State v. Massingill, 77 So.3d 677, 679 (Fla. 3d DCA 2011). See also U.S. v. Rodriguez De Varon, 175 F.3d 930, 944 (11th Cir.1999) (“The fact that a defendant’s role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants.”).
III.
We therefore vacate the sentence, and reverse and remand for a new sentencing hearing. See Jackson v. State, 64 So.3d 90 (Fla.2011). This ruling does not preclude the trial court from imposing a downward departure sentence, supported by valid grounds and procedurally compliant, on remand.
Reversed and remanded.

. The defendant separately appealed his convictions, and this Court consolidated the two appeals. We affirm, without further discussion, the defendant’s convictions below.

. This is refuted most clearly by the fact that the jury convicted the appellee of (and the appellee was being sentenced for) possession of a place or structure for trafficking, which required the State to prove that the appellee was "knowingly ... in actual or constructive possession of [a] place [or] structure ... with the knowledge that the place [or] structure ... will be used for the purpose of trafficking in a controlled substance_" § 893.1351(2), Fla. Stat. (2008). The appellee’s claim at sentencing that he was merely an "unknowing landlord” cannot be reconciled with the jury's finding of guilt on this charge.