# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.

————————

No. 3D14-598
Lower Tribunal No. 09-14217

————————

**Jason Beckman,**

Petitioner,

vs.

**The State of Florida,**

Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Carlos J. Martinez, Public Defender, and Kathryn Stroback, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Brent J. Kelleher, Assistant Attorney General, for respondent.

Before SUAREZ, LAGOA, and LOGUE, JJ.

ON MOTION FOR CLARIFICATION GRANTED

SUAREZ, J.

On consideration of the state's Motion for Carification and/or Reconsideration, the Court grants the motion, withdraws the opinion issued on July 2, 2014, and substitutes the following opinion.

Petitioner Jason Beckman, a juvenile, seeks a writ of certiorari precluding the state from conducting a psychological evaluation of him to be used at his sentencing hearing. Beckman was convicted of first degree murder of his father and he has listed a psychologist on his witness list for his individualized sentencing inquiry required under Miller v. Alabama, 132 S. Ct. 2455 (2012). Beckman apparently intends to argue the psychologist's finding that he has Asperger's Disorder as a mitigating factor in his sentencing inquiry. The state moved to have him examined by a psychologist for the state's use at the hearing, and the trial court granted the motion over Beckman's objection. Beckman filed this petition for writ of certiorari to quash the trial court's order and to prevent the state's psychological exam. Recognizing that this is an issue of first impression, we nevertheless deny the petition, in part, based upon the requirements of Miller and the holdings of Dillbeck v. State, 643 So. 2d 1027 (Fla. 1994) and State v. Massengill, 77 So. 2d 67 (Fla. 3d DCA 2011).

In Miller, the Supreme Court determined that juveniles, like Beckman, who are convicted of first degree murder are entitled to individualized sentencing proceedings so that "a judge or jury m[ay] have the opportunity to consider mitigating circumstances" before imposing sentence. Miller, 132 S. Ct. at 2475. In preparation for his sentencing proceeding, Beckman was evaluated by a psychologist who determined that he "meets the criteria for Asperger's Disorder,

2

which is a neurological disorder on the autism spectrum." After Beckman identified the psychologist as a witness for his sentencing proceeding, the trial court granted the state's motion to have Beckman evaluated by its own psychologist.

Since Miller was issued, very few cases have discussed the relative rights of the defendant or the state in connection with the required sentencing proceedings, and there are no such cases in Florida. Nevertheless, we find that the Florida Supreme Court's holding in Dillbeck, supra, is instructive in this context. There, a capital defendant argued that the state could not compel him to be examined by a mental health expert. In rejecting that claim, the Court stated:

> Under these circumstances, we cannot say that the trial court abused its discretion in striving to level the playing field by ordering Dillbeck to submit to a pre-penalty phase interview with the State's expert. [citation omitted]. No truly objective tribunal can compel one side in a legal bout to abide by the Marquis of Queensberry's rules, while the other fights ungloved.

643 So. 2d at 1030. Similarly, in State v. Massingill, 77 So. 3d 677 (Fla. 3d DCA 2011), this court found that the state was entitled to its own mental health expert in connection with evaluation of downward departure sentencing examinations. In both cases, the goal of the courts was to "level the playing field." We see no reason the same goal should not apply to sentencing proceedings under Miller.[1]

---

[1] Beckman argues that because the court in Miller discussed only mitigating factors for sentencing, the ruling does not permit examination of aggravating factors. Beckman concludes that, as a result, the state has no burden of proof in Miller

However, we agree with Beckman that the state's evaluation must be limited to examination of the mitigating factors identified by Beckman's expert.

Finally, Beckman argues that if the state is entitled to examine him, its examination must be by an expert especially qualified in the area of Asperger's or autism spectrum neurological disorders, citing Part III of Florida Statutes Chapter 916, "Forensic Services for Persons Who are Intellectually Disabled or Autistic." While that part of Chapter 916 does provide specific requirements for forensic services for persons with autism, it has no application to a post-conviction sentencing proceeding. Moreover, the qualifications and credibility of the expert are for the trial court to determine. Nevertheless, we grant that portion of the petition which seeks to limit the state's examination of Beckman to the mitigating factors identified by Beckman's expert.

Petition for Certiorari granted in part and denied in part.

---

sentencing proceeding. Without determining the validity of those arguments, we conclude that the state is entitled to attempt to rebut any mitigating factors presented by defendants in such proceedings and is entitled to the benefit of expert opinion in framing such rebuttal.